IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACIELA SANCHEZ,

    Plaintiff,

v.                                              Case No. 2:23-cv-01139 KG/KRS

SOURCE ENERGY SOLUTIONS, LLC,
BERKLEY REGIONAL INSURANCE COMPANY,
and ANGEL SALAZAR,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Berkley Regional Insurance Company's Motion to Dismiss, (Doc. 4), filed December 26, 2023. Plaintiff, Graciela Sanchez, filed her Response, (Doc. 5), on January 9, 2024, and Defendant filed its Reply, (Doc. 8), on January 16, 2024. Having considered the briefing and relevant caselaw, the Court denies the Motion.

*I.   Background*

This case arises out of a motor-vehicle collision between Plaintiff and Defendant, Angel Salazar, which occurred on November 3, 2022, in New Mexico. (Doc. 1-3) at 3. At the time of collision, Defendant Salazar was employed by Source Energy Solutions, LLC (Source Energy) and was operating a vehicle owned by Source Energy. (Doc. 1-3) at 3–4. The vehicle was insured by Defendant Berkley Regional Insurance Company (BRIC). *Id.* Defendant BRIC alleges and Plaintiff assumes for purposes of this Motion, that all Defendants are residents of Texas. (Doc. 5) at 1–2.

Plaintiff filed her Complaint for Personal Injuries on August 29, 2023, in New Mexico state court. (Doc. 1-3) at 2. BRIC removed the suit to federal court on December 21, 2023, based on

diversity jurisdiction. (Doc. 1).[1] Shortly after removal, BRIC filed its Motion to Dismiss. (Doc. 4). Defendant, McAnally Wilkins, Inc. is no longer a party in this case. (Doc. 42).

II.     *Legal Standard*

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint…." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Rule 12(b)(6) requires a complaint set forth the grounds of a plaintiff's entitlement to relief through more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level…." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Employees Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, courts view "well-pleaded factual allegations in a complaint…in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

---

[1] At this point in litigation, it appears all Defendants are residents of Texas and Plaintiff is a resident of New Mexico. Having no contradictory evidence, the Court presumes the amount in controversy is greater than $75,000 because Plaintiff seeks damages including medical, psychological, emotional pain and suffering, physical pain and suffering, loss of enjoyment of life, lost wages, lost future earnings, property damage, punitive, and compensatory damages. (Doc. 1) at 3.

III.     *Analysis*

   A. *Choice of Law*

"In a diversity action, federal courts apply the substantive law of the forum state, including the state's choice-of-law rules." *Valencia v. Colo. Cas. Ins. Co.*, 560 F.Supp.2d 1080, 1085 (D.N.M. Aug. 8, 2007). "The policy in New Mexico is to interpret insurance contracts according to the law of the place where the contract was executed, which is referred to as lex loci contractus." *State Farm Mut. Auto. Ins. Co. v. Ballard*, 2002-NMSC-030, ¶ 7 (internal quotations and citation omitted). "In determining which jurisdiction's law should apply to a tort action, New Mexico courts follow the doctrine of *lex loci delicti commissi*—that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred." *Terrazas v. Garland & Lohman, Inc.*, 2006-NMCA-111, ¶ 12 (citation omitted). "With reference to insurance coverage for automobile accidents, the New Mexico Supreme Court has specified that the contract law of the jurisdiction where the contract was executed governs the interpretation of the contract, but that 'the rights and liabilities of persons injured in automobile accidents are determined under the laws of the state where the accident happened.'" *Valencia*, 560 F.Supp.2d at 1085 (quoting *State Farm Auto. Ins. Co., v. Ovitz*, 1994-NMSC-047, ¶ 8).

Plaintiff argues the Court should apply New Mexico law because the accident occurred in New Mexico and Plaintiff was a resident of New Mexico when it occurred. (Doc. 5) at 2. BRIC argues Texas law should apply because the contract was executed in Texas. (Doc. 8) at 2. BRIC contends it is not involved in the tort of this matter, rather, "the only pleaded cause of action against BRIC is whether the policy will cover the accident at issue." (Doc. 8) at 2. Because the issue in this case deals with the rights and liabilities of an injured party and not contract interpretation, New Mexico law applies.

New Mexico courts have recognized an exception to its "place of the wrong" rule where "such application would violate New Mexico public policy." *Torres v. New Mexico*, 1995-NMSC-025, ¶ 13. In New Mexico, there is a strong presumption in favor of application of the "place of wrong" rule, however, the court will not "close [its] eyes to compelling policy arguments for departure from the general rule in specific circumstance." *Gilmore v. Gilmore (In re Estate of Gilmore)*, 1997-NMCA-103, ¶ 21.

This Court determines BRIC has not articulated compelling policy arguments to apply Texas law, therefore New Mexico law applies. In its Reply, BRIC argues that applying New Mexico law would result in an unjust result. (Doc. 8) at 3. To the contrary, the Court finds an unjust result might occur if Defendant is dismissed at this point in litigation because "New Mexico is often animated to protect its accident victims in insurance cases." *Walker v. Spina*, 347 F.Supp.3d 868, 885 (D.N.M. Aug. 28, 2018).

*B. New Mexico's Mandatory Financial Responsibility Act (MFRA)*

In New Mexico, the "general rule is that there is no privity between an injured party and the insurer of the negligent defendant in the absence of a contractual provision or statute or ordinance to the contrary." *Raskob v. Sanchez*, 1998-NMSC-045, ¶ 3. However, "where the insurance coverage is mandated by law for the benefit of the public, generally the insurance company *is* a proper party." *Id.* Therefore, "joinder will be permitted if 1) the coverage was mandated by law, 2) it benefits the public, and 3) no language of the law expresses an intent to deny joinder." *Id.* "The Court does not read *Raskob* to mean that joinder is permitted only if New Mexico law mandates the coverage" because there is "no language limiting the first prong—or the test in general—to New Mexico law." *Walker*, 347 F.Supp.3d at 885.

BRIC acknowledges that *Raskob* allows direct claims against a tortfeasor's insurance company but argues the MFRA applies only to New Mexico residents, and therefore, Plaintiff's

claims against it are improper. (Doc. 4) at 4. However, "[t]he statutory nexus with New Mexico rises from the requirements that are made upon the insured…and *not* from the location of the insurance companies who provide the coverage." *Armendariz v. Parkhurst*, 2002 U.S. Dist. LEXIS 30506, *7 (D.N.M.). To support its argument, BRIC references *Whiting v. Hogan*, an auto accident case which occurred in Arizona with out-of-state defendants, however the lawsuit was filed in New Mexico based on the plaintiffs' residency. 855 F.Supp.2d 1266, 1270 (D.N.M. Feb. 28, 2012). In that case, the court determined Arizona law applied and dismissed the third-party insurance based on Arizona laws. *Id.* at 1289. Unlike the accident in *Whiting*, the accident in the present case occurred in New Mexico, therefore New Mexico law applies. Thus, the Court concludes *Whiting* is distinguishable and concludes this case better aligns with the facts presented in *Walker*.

In *Walker*, the plaintiff sued North Dakota residents after an auto accident occurred in New Mexico. *Id.* at 872. The court determined the out-of-state third-party insurer could properly be joined because both New Mexico and North Dakota laws mandate insurance coverage for residents and nonresidents. *Id.* at 885. Like the laws in North Dakota and New Mexico, Texas mandates all drivers obtain automobile liability insurance. *See Wright v. Rodney D. Young Ins. Agency*, 905 S.W.2d 293, 295 (Tex. App. 1995) (discussing the Texas Motor Vehicle Safety Responsibility Act which states "no motor vehicle may be operated in this State unless a policy of automobile liability insurance…is in effect"). Because both Texas and New Mexico laws mandate insurance coverage, prong one from the *Raskob* test is plausibly met.

As it relates to *Raskob's* second prong, it is clear that both the New Mexico MFRA and the Texas Motor Vehicle Safety Responsibility Act are meant to benefit the public because they seek to limit losses to an injured party after an auto accident. Considering *Raskob's* third prong, the Court finds no express language in the MFRA intended to negate joinder. *See Martinez v. Reid*, 2002-NMSC-015, ¶ 11 ("We will not imply from the repeal of these provisions of the [MFRA] that the

legislature intended to negate joinder, without express language so stating."). BRIC argues Texas Transportation Code § 601.005 intends to deny joinder.[2] (Doc. 8) at 4. In this case, however, New Mexico law applies.[3] Moreover, it appears § 601.005 seeks to avoid prejudice to an insured during trial, not to deny joinder of an insurer. Without deciding that the Court would bifurcate, it notes one way to avoid prejudice is through bifurcation. *See Walker*, 347 F. Supp.3d at 887 (stating "[i]t is very likely that [the] Court will bifurcate the claim against [the third-party insurance] from the claims brought against [the other defendants]"); *see also Armendariz*, 2002 U.S. Dist. LEXIS 30506, at *8 (D.N.M.) (severing the claims made against the third-party insurance from the claims against the remaining defendants). Therefore, *Raskob's* third prong is plausibly met.

For the reasons stated above, the Court determines Plaintiff has plausibly stated a claim against BRIC and joinder is proper under *Raskob*. Therefore, BRIC's Motion to Dismiss, (Doc. 4), is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Texas Transportation Code § 601.005 states "[a] person at a trial for damages may not refer to or offer as evidence…evidence of financial responsibility filed under this chapter."

[3] Even if Texas law applied, the Court is persuaded that without express language in the code prohibiting joinder of an insurer, it is proper.